IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRAIG BENJAMIN WHITAKER, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE KIMBERLY DAVIS, <br> DIST. COURT JUDGE PION, <br> JUDGE PHILLIP N. TIRABASSI, <br> JUDGE SUSAN ZELLWEGER, <br> DET. JASON METZ, <br> OFFICER S. TROYER, <br> OFFICER M. FOCHRKOLB, <br> ERIN ELIZABETH ROSE ANELLO, <br> SCOTT D. SHELLENBERGER, <br> JOSEPH DAVID LEMANSKI, <br><br> Defendants. | Civil Action No.: PX-23-1865 |

**MEMORANDUM ORDER**

Craig Benjamin Whitaker is currently detained on state murder and assault charges at the Baltimore County Detention Center. He sues the judges, police officers, and prosecuting attorneys involved in investigating and prosecuting him in the criminal case. ECF No. 1 at 5. Whitaker avers that Maryland District Judge Pion issued a warrant for Whitaker's arrest without probable cause in connection with the shooting death of "A. Cooper." *Id*. at 3. He also faults Detective Metz and State's Attorney Erin for pursuing the criminal case against him, even though Whitaker does not match the description of the shooter. *Id*. Whitaker further complains that Judges Tirabassi and Zellweger unfairly denied him release pending trial. *Id*. Whitaker concludes that "the prosecutorial misconduct of the above listed defendants clearly constitutes prosecution in bad faith." *Id*. As relief, Whitaker seeks money damages and that this Court order the state to dismiss the charges and release him. *Id*. at 6.

Whitaker proceeds in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to file an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the Court must screen the Complaint for sufficiency. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, that pleadings written by pro se litigants must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court accepts the complaint facts as true and most favorably to the plaintiff. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Whitaker sues four judges -- Pion, Davis, Tirabassi, and Zellweger -- for actions taken in their official capacities. Judges enjoy judicial immunity from suit for the decisions made in the cases over which they preside. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity bars such claims even where the judge has committed "'grave procedural errors" *id.,* or when "the judge is accused of acting maliciously and corruptly," as it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). *See also Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). In short, civil suit is not the

proper vehicle for Whitaker to challenge any given judge's decision; rather, he can appeal those decisions in his criminal case.  The claims against these defendants are dismissed.

Similarly, as to the prosecutors -- Anello, Shellenberger, and Lemanski – the civil claims rest on their decisions to arrest and indict Whitaker.  But as state's attorneys, these Defendants, too, enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones.  *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).  This immunity is designed to protect the judicial process, and so, it applies where the prosecutor's actions are closely associated with judicial process.  *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23).  The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430).   "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, . . . decides to seek an arrest warrant*,* . . . prepares and files charging documents, *id.*, participates in a probable cause hearing, . . . and presents evidence at trial . . . ." *Nero*, 890 F.3d at 118 (citations omitted).  Because the Complaint relates to the decisions to arrest and charge Whitaker, the named prosecutors are immune from suit.  The claims against them are dismissed.

Lastly, Whitaker names detectives Metz, Troyer, and Fochrkolb for providing false information leading to his arrest and prosecution.  Whitaker, in this respect, attacks the detectives' participation in the "improper initiation or maintenance of formal proceedings against him." *Owens v. Baltimore City State's Atty's Off.*, 767 F.3d 379, 390 (4th Cir. 2014).

3

This claim is not ripe for civil adjudication until the criminal matter is resolved in his favor through a final adjudication on the merits. *Owens,* 767 F.3d at 390. Because Whitaker's criminal matter is still pending, *see State v. Whitaker*, Case No. C-03-CR-21-004649 (Balt. Co. Cir. Ct. 2021) available at http://casesearch.courts.state.md.us/casesearch/ (last viewed July 20, 2023), he cannot yet pursue his malicious prosecution claims. He may do so if the criminal charges are disposed in his favor. Thus, the claims against Metz, Troyer and Fochrkolb are dismissed without prejudice.

Accordingly, for the reasons discussed, it is this 22nd day of August 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The claims against Defendants Detective Jason Metz, Officer S. Troyer, and Officer M. Fochrkolb ARE DISMISSED without prejudice;

3. The claims against all other Defendants ARE DISMISSED with prejudice;

4. The Clerk SHALL PROVIDE a copy of the foregoing Memorandum Opinion and a copy of this Order to Plaintiff; and

5. CLOSE this case.

| | |
|---|---|
| 8/22/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |